IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS RIVERA, | : | Civil No. 1:22-CV-00644 |
| Plaintiff, | : | |
| v. | : | |
| WARDEN SCOTT FINLEY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court are Defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), or, in the alternative, a motion for summary judgment under Fed. R. Civ. P. 56, Doc. 17, and Plaintiff's motion to compel, Doc. 6. For the reasons discussed below, the court will grant Defendants' motion and enter judgment in favor of Defendants. Additionally, the court deems Plaintiff's motion to compel as withdrawn for failing to file brief in support.

### **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Jesus Rivera ("Plaintiff"), a self-represented individual housed at the Federal Correctional Complex in Petersburg, Pennsylvania, filed this action on in May of 2022 alleging violations of his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. (Doc. 1.)

On August 12, 2022, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b) and/or a motion summary judgment under Fed. R. Civ. P. 56. (Doc.

1

17.) Defendants timely filed their brief in support. (Doc. 20.) Plaintiff responded with a letter, which this court construes as a brief in opposition. (Doc. 24.) The period for Defendants' reply has expired. Therefore, Defendants' motion is ripe for consideration by the court.

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## RULE 12 STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## SUMMARY JUDGMENT STANDARD

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A

dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that

4

there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## PLAINTIFF'S COMPLAINT

At issue is Plaintiff's May 2, 2022 complaint. (Doc. 1.) Therefore, the court now summarizes the claims it raised. Plaintiff brought this civil action under 42 U.S.C. § 1983.[1] (Doc. 1, p. 1.) In doing so, he names three defendants: (1) Scott Finley, Warden at FCI-Schuylkill; (2) J. Foura, Lieutenant at FCI-Schuylkill; and (3) Barrett, Lieutenant at FCI-Schuylkill. (*Id.*, p. 2–3.) Plaintiff alleges poor

---

[1] As a prisoner housed in a federal facility, 42 U.S.C. § 1983 is not the appropriate statute for Plaintiff to bring his claims before the court as it concerns claims against state actors, not federal actors. However, since Plaintiff failed to exhaust his administrative remedies, the court is not required to address the merits of his complaint.

conditions of confinement since he was transferred to the FCI-Schuylkill on October 21, 2021. (*Id.*, p. 4–5.) He also alleges that his constitutional rights were violated in the course of a strip search and cell search that occurred on January 17, 2022. (*Id.*) His final claim is that the correctional officers discriminate against minimum security prisoners and stopped granting them recreation time as of February 20, 2022. (*Id.*) He states that his due process rights, his First Amendment rights, his Eighth Amendment rights, and his Fourteenth Amendment rights have been violated. (*Id.*, p. 6.)

## DISCUSSION

In their brief in support, Defendants make three arguments: (1) that Plaintiff failed to exhaust his administrative remedies; (2) there is no remedy available under *Bivens*; and (3) Plaintiff failed to allege personal involvement by Defendants. (Doc. 22.) The court need only address the exhaustion of administrative remedies because it precludes review of the merits.

**A. Plaintiff Failed to Exhaust His Administrative Remedies.**

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations. *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted). Proper exhaustion is mandatory, even if the inmate is seeking

relief—like monetary damages—that cannot be granted by the administrative system. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). However, there are situations in which a grievance procedure may be rendered "unavailable" to an inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross*, 578 U.S. at 643–44, when intimidation by means of "serious threats of retaliation and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d 257, 266-67 (3rd Cir. 2018), or when a prison has "rendered its administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

Plaintiff's complaint fails to address whether he exhausted his administrative remedies. (Doc. 1.) Therefore, the court is required to look outside the complaint itself to analyze the exhaustion of administrative remedies. Therefore, the court will consider Defendants' assertions regarding exhaustion as a motion for summary judgment under Fed. R. Civ. P. 56.

Federal Rule of Civil Procedure 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  The Third Circuit has held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion." *Rose v. Bartle*, 871 F.2d 331, 342 (3rd Cir. 1989).  Motions under Rule 12 that are drafted as alternative motions for summary judgment under Rule 56 are sufficient to put the other parties on notice.  *Latham v. U.S.*, 306 Fed.App'x. 716, 718 (3rd Cir. 2009).  Defendants drafted its motion as a motion to dismiss or an alternative motion for summary judgment.  (Doc. 17.)  Therefore, Plaintiff had sufficient notice to respond under *Latham*.

Defendants have provided evidence that Plaintiff failed to file a single administrative remedy concerning his confinement at FCI-Schuylkill.  (Doc. 22, p. 15.)  All the administrative remedies filed since Plaintiff was incarcerated in the Bureau of Prisons predate Plaintiff's time at FCI-Schuylkill.  (Doc. 21, ¶¶ 10–14.)  Plaintiff's response asserts that Defendants have lied and that he made written copies of each of his administrative remedies request, but all these documents are

8

not available because he was in quarantine. (Doc. 24.) However, Plaintiff failed to ask the court for additional time to retrieve and file such documents with the court. Therefore, Plaintiff has failed to oppose the motion as required in *Jutrowski*. *See* 904 F.3d at 288–89. As such, the court will enter judgment in Defendants' favor.

### B. The Court is Not Required to Address the Merits of the Complaint.

As addressed above, proper administrative exhaustion is mandatory. *See Woodford*, 548 U.S. at 85. Since Plaintiff has failed to meet this mandatory step of litigation, the court need not address the merits of the complaint.

### C. Plaintiff's Motion to Compel is Deemed Withdrawn.

Also pending before the court is Plaintiff's May 16, 2022 motion to compel. (Doc. 6.) Plaintiff never filed a brief in support of the motion. Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Considering Plaintiff's failure to file a brief in support of his motion, the motion will be deemed withdrawn.

### CONCLUSION

Defendants have presented evidence that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has failed "to make a showing sufficient to establish the existence of an element essential to that party's case." *See Celotex*,

477 U.S. at 322.  Therefore, the court will grant Defendants' motion and enter judgment in Defendants' favor.  Plaintiff's motion to compel will be deemed withdrawn.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  October 25, 2022